[No. 1362.]

## WYATT BANKS *v.* THE STATE.

1. MURDER—DEADLY WEAPON—EVIDENCE.—The testimony of medical witnesses as to the deadly character of the weapon used in the perpetration of a homicide, is competent evidence for the State in a prosecution for murder. *Waite v. The State, ante*, p. 169, cited and approved.
2. SAME—EVIDENCE.—The statements of a defendant with reference to the future commission of an offense in pursuance of a conspiracy with others to commit such offense, and made prior to the commission of the offense, are not in the nature of confessions, and are admissible on behalf of the State.
3. SAME.—See this case for the confession of a defendant, which, independent of other testimony, is held sufficient to establish complicity in a homicide.

APPEAL from the District Court of Robertson. Tried below before the Hon. W. E. Collard.

This is a companion case to *Waite v. The State, ante*, p. 169, and, as in that case, the death penalty was assessed by the jury for the murder of Ad. Wyser, in Robertson county, Texas, on the twenty-eighth day of May, 1882.

The same witnesses testified to the same facts in the two cases, and the evidence is condensed in full in the report of *Waite's* case.

It was shown by the witness, Hannah Cross, who lived about three miles from Franklin, that the defendant came to her house on the Sunday of the homicide, and asked for a drink of water and permission to rest. While there the baying of a dog was heard, and the defendant asked the witness if she heard that dog, to which she answered that she did, and the defendant said: "That dog is after me." The witness then asked him why the dog was after him, and he answered that "a parcel of us beat the jailor to death this morning and broke jail." He then got up and left. In a few minutes Mr. Mack Calvert and William O'Neal arrived with the dogs, and, being directed by the witness, followed in the direction taken by the defendant.

It was shown by the testimony of Deputy Sheriff Scott that the defendant was trailed by the dogs to a negro cabin, about

four miles distant from Franklin, and was there arrested between twelve and one o'clock at night, after the escape.

*C. B. Pearre*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

Willson, J. In the case of *Waite* v. *The State*, decided at the present term of this court, and which is a companion case to this, it was settled that the testimony of the medical witnesses as to the deadly character of the weapon used in perpetrating the murder was admissible. We refer to that case as decisive of the question raised upon the admission of the evidence of the medical experts in this case.

Various objections are urged by appellant's counsel to the charge of the court. When considered as a whole, we think the charge is sufficiently full and explicit, and presents the law of the case correctly, and as favorably to the defendant as the evidence would warrant.

It is urged that the court erred in admitting evidence of statements made by defendant while he was confined in jail as a prisoner. These statements of the defendant were with reference to the future commission of the murder which was afterwards committed. They related to acts to be thereafter performed in the consummation of a conspiracy entered into between Waite, Compton and himself to escape from jail, by murdering Wyser, the jailor, or by doing him serious bodily harm. Such statements were not *confessions* of an offense committed, but statements about an offense to be committed in the future. The rules governing the admission in evidence of confessions of crime, have no applicability whatever to statements like these. The cases referred to by counsel for appellant, in support of his objection to this testimony, all relate to the rules governing the admissibility of confessions, and must be construed and understood in the light of the subject discussed therein.

It is of but little consequence in this case whether or not the State's witnesses Webb and Brown were accomplices. Independently of their testimony, we think the evidence sufficiently establishes the guilt of the defendant. His confessions, made to the witness Hannah Cross, are of themselves sufficient to prove his complicity in the crime. On the day of the murder, and in a short time thereafter, while the defendant was fleeing from per-

sons who were pursuing him with dogs, he told this witness, Hannah Cross, when he heard the barking of the dogs, that they were after him; and, when she asked him what they were after him for, his reply was, "A parcel of us beat the jailor to death this morning and broke jail."

This case, together with the companion cases of Waite and Compton, decided by us on a previous day of this term, has had our most careful consideration, and we have discovered no errors which affect the convictions. In this case, while the extreme penalty of the law has been assessed against the defendant, we cannot question the correctness of the finding of the jury, when we consider the enormity and cruelty of the murder. He has been accorded a fair and impartial trial, in accordance with the laws of the land, and, in the discharge of the solemn duty imposed upon us, we could not, if we desired to do so, relieve him from the fearful consequence of his own voluntary and barbarous crime. The judgment of conviction is in all things affirmed.

*Affirmed.*

Opinion delivered November 24, 1882.